# EXHIBIT 3

Roger L. Cohen, CA Bar No. 065489
**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Attorneys for Plaintiff

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| Jamal Hamadah, an individual<br><br>Plaintiff,<br><br>v.<br><br>Samer Sannoufi, MD, aka Sam Sannoufi, MD, an individual<br><br>Defendant. | Case No. 8:17-cv-00132-CJC-JCG<br><br>**DECLARATION OF COLEEN HAGER** |

I, Coleen Hager, declare:

1. I am a certified public accountant, and, in that capacity, prepared certain income tax returns for Walk-In Urgent Care & Family Practice Clinic LLC (the "Company"), a California limited liability company, and Mr. Jamal Hamadah. All matters stated herein are stated on personal knowledge.

2. I prepared the 2013, 2014, 2015 and 2016 Federal S Corporation tax returns and California state tax returns for the Company.

3. I prepared the tax returns from documents provided to me by Dr. Samer Sannoufi and from bank records.

4. Despite multiple requests, I was never provided 1099s from third-party payors, and so I was not able to reconcile bank deposits with gross payments.

5. Company records reflect that Mr. Hamadah contributed to the Company a total of $80,000.00 as follows: August 19, 2013, $70,000.00; and November 19, 2013, $10,000.00. A $10,000.00 deposit on December 13, 2013 was previously mis-classified as a contribution.

6. Mr. Hamadah received distributions between August 6, 2014 and October 31, 2016 in the total amount of $98,073.00, as reflected on Schedule A to this Declaration.

7. Mr. Hamadah's contributions were booked as capital contributions to the Company. Assuming that the contributions were reclassified as loans bearing interest at 10% per annum, the balance on Mr. Hamadah's account would be as set forth in the Contribution/Distribution Summary attached as Schedule A to this Declaration.

8. I have calculated that the tax consequences of Mr. Hamadah's interest in the Company for each year, as follows:

A. For 2013, the first year of operation, the federal tax return for the Company shows gross receipts of $46,349.00, and an ordinary business loss of $15,801.00. Mr. Hamadah received one half of the loss, or $7,900.00, on his form K-1. Because of other losses on his return, the loss had no effect on his total tax liability.

B. For 2014, the federal tax return for the Company shows gross receipts of $365,073.00, and ordinary business income of $68,420.00. Mr. Hamadah received one half the income on his K-1, resulting in an increase in his total tax liability of $8,567.00.

C. For 2015, the federal tax return for the Company shows gross receipts of $413,047.00, and ordinary business income of $78,900.00. Mr. Hamadah received one half the income on his K-1, resulting in an increase in his total tax liability of $4,808.00.

   D. For 2016, the federal tax return for the Company shows gross receipts of $271,491.00, ordinary business income of $31,536.00, and a net Section 1231 loss of $143,262. Mr. Hamadah received one half the income and one-half the Section 1231 loss on his K-1, resulting in a decrease in his total tax liability of $6,806,00.

  9. Dr. Sannoufi took large sums of money out of the Clinic. He was supposed to be paid a salary, but never put himself on the payroll and instead withdrew money by causing the Company to pay personal expenses; at the end of each year, Dr. Sannoufi's personal expenses were re-classified as "non-K-1 earnings" and reported as payments for professional services. The following is a summary of Dr. Sannoufi's distributions:

- 2013 (partial year): Total distributions of $30,000.00, in the form of expenses
- 2014: Total distributions of $167,424.20, in the form of expenses of which $149,251.20 were reclassified as professional fees
- 2015: Total distributions of $180,731.16, in the form of expenses of which $170,593.16 were reclassified as professional fees
- 2016 (partial year): Total distributions of $122,124.48, in the form of expenses which were reclassified as professional fees

A schedule itemizing the foregoing distributions is attached to this Declaration as Schedule B.

  10. Dr. Sannoufi never informed me that he had not been paid his full salary and no debt for unpaid salary was accrued on the Company's books.

  11. On the 2016 tax return, I wrote off the undepreciated portion of the Company's depreciable assets in the form of goodwill and equipment; this was done to

reflect the removal of those assets by virtue of the business being shut down by Dr. Sannoufi.

12. For each of tax years 2013 through 2016, Form K-1s were issued to Mr. Hamadah and Dr. Sannoufi as the members of the Company. The K-1s do not show the amounts of distributions to the members. Rather, the K-1's show the respective members' share of the Company's ordinary income (loss) and other taxable items.

13. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 5th day of January, 2018.

_____
Coleen Hager