| | |
|---|---|
| 1 | Amy A. Mousavi, SBN 228388 |
| 2 | Mousavi & Lee, LLP |
|   | 2020 Main Street, Suite 900 |
| 3 | Irvine, California 92614 |
|   | Telephone (949) 864-9667 |
| 4 | Facsimile (949) 622-8980 |
| 5 | |
| 6 | Attorneys for Defendant, SAMER SANNOUFI, MD., |
|   | aka SAM SANNOUFI, MD, an individual, |
| 7 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)**

| | |
|---|---|
| JAMAL HAMADAH, an individual, | Civil Action No. 8:17-cv-00132 CJC (JCGx) |
| Plaintiff, | The Honorable Cormac J. Carney |
| vs. | **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF COLEEN HAGER** |
| SAMER SANNOUFI, MD., aka SAM SANNOUFI, MD, an individual, | [Concurrently filed with Reply Brief in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Summary Adjudication; Supplemental Declaration of Amy Mousavi; Supplemental Declaration of Samer Sannoufi] |
| Defendant. | |
| | Date: January 22, 2018 |
| | Time: 1:30 p.m. |
| | Dept.: 9B |
| | |
| | Complaint Filed: January 25, 2017 |

1

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF COLEEN HAGER**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant Samer Sannoufi ("Defendant") hereby objects to the January 5, 2018 Declaration of Coleen Hager as follows:

**Paragraph 7, p. 2:22-23**:

> Mr. Hamadah's contributions were booked as capital contributions to the Company. Assuming that the contributions were reclassified as loans bearing interest at 10% per annum, the balance on Mr. Hamadah's account would be set forth in the Contribution/Distribution Summary attached as schedule A to this Declaration.

**Objection**. Irrelevant (Evid. Code §402); lacks personal knowledge/foundation (Evid. Code §602). The declarant has no basis to *assume* the reclassification of the capital contributions as anything else, nor any reason to. The classification of the capital contributions has not been raised as an issue in this case. Moreover, there is **no Schedule A attached to the declaration**. Regardless, any purported Schedule A and this paragraph should be stricken in its entirety.

Granted _____                                    Denied _____

**Paragraph 9, p. 3:6-21:**

> Dr. Sannoufi took large sums of money out of the Clinic. He was supposed to be paid a salary, but never put himself on the payroll and instead withdrew money by causing the Company to pay personal expenses; at the end of each year, Dr. Sannoufi's personal expenses were re-classified as "non-K-1 earnings" and reported as payments for professional services. The following is a summary of Dr. Sannoufi's distributions:
> 
> - 2013 (partial year): Total distributions in of $30,000.00, in the form of expenses.

- 2014: Total distributions of $167,424.20, in the form of expenses of which $149,251.20 were reclassified as professional fees.

- 2015: Total distributions of $180,731.16, in the form of expenses of which $170,593.16 were reclassified as professional fees.

- 2016 (partial year): Total distributions of $122,124.48, in the form of expenses which were reclassified as professional fees.

A schedule itemizing the foregoing distributions is attached to this Declaration as Schedule B.

**Objection**. Lacks personal knowledge/foundation (Evid. Code §602); improper expert opinion (Evid. Code §701). Inconsistent Prior Statements/Acts.

Ms. Hager has no basis to attribute all the expenses of the company as that of Defendant's "personal expenses," and **no accounting of the expenses or Schedule B has been attached**, so it is impossible to verify that any of the alleged amounts are indeed Defendant's "personal expenses" as opposed to the expenses of the business. More importantly, in the Tax returns for years 2013, 2014, and 2015, Ms. Hager has classified the same expenses that she is now claiming to be reclassified as "personal expenses," as "business expenses." Ms. Hager has no qualifications, nor is she permitted to re-classify an item in a tax return without amending it. Thus, the first two sentences, as well as all references to "distribution(s)," and any purported Schedule B should be stricken.

The declarant has no basis to characterize that Defendant "took" "large sums" of money. She also has no basis to know what the agreement was regarding Defendant's salary and the circumstance surrounding why Defendant could not be placed on payroll.

Granted _____                                    Denied _____

//
//
//

3
**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF COLEEN HAGER**

**Paragraph 11, p.3-4:24-2:**

On the 2016 tax return, I wrote off the undepreciated portion of the Company's depreciable assets in the form of goodwill and equipment; this was done to reflect the removal of those assets by virtue of the business being shut down by Dr. Sannoufi.

**Objection**. Lack of personal knowledge (Evid. Code §602), Lacks Foundation; improper expert opinion (Evid. Code §701);

The declarant has no basis to conclude that the assets of the business were removed by Dr. Sannoufi. In the tax returns she filed in 2016, Ms. Hager indicates that the entity is dissolved. Goodwill of a company is liquidated/depreciated when entity is dissolved; the goodwill is not removed. Ms. Hager has no basis to conclude that the business was "shut down by Dr. Sannoufi." Her declaration does not indicate that she is privy to the legal issues surrounding the illegality of the entity, nor the unilateral termination of the lease by the business's landlord. As such, this declaration can only be the product of Plaintiff's counsel's creation. As such, every word after the semicolon should be stricken.

Granted _____                                    Denied _____

DATED:  January 12, 2018            MOUSAVI & LEE, LLP

 /s/ Amy A. Mousavi  
AMY A. MOUSAVI, ESQ.  
Attorneys for Defendant, SAMER SANNOUFI, MD., aka SAM SANNOUFI, MD, an individual

4

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF COLEEN HAGER**

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2020 Main Street, Suite 900, Irvine, CA 92614-8203.

On January 12, 2018, I electronically filed Evidentiary Objections to the Declaration of Coleen Hager with the Clerk of the United States District Court of California, using the CM/ECF system. The court's CM/ECF system will send an email notification of the filing and following parties and counsel of record who are registered with the Court's CM/ECF system:

Roger L. Cohen, Esq.
JABURG & WILK, PC
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Telephone: (620) 248-1000
Attorney for Plaintiff

Stephen B. Mashney, Esq.
MASHNEY LAW OFFICES, APC
335 N. Brookhurst Street
Anaheim, CA 92801
Attorney for Plaintiff

☒ (**BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM**)
In accordance with the electronic filing procedures of this Court, service has been effected on the parties above, whose counsel of record are registered participants of the CM/ECF system.

☒ **(FEDERAL)**
I declare under penalty of perjury under the laws of the State of California that all the foregoing is true and correct, and that I am employed at the office of a member of the car of this Court at whose direction service was made.

Executed on January 12, 2018, at Irvine, California.

/s/ Dorian Ledbetter
Dorian Ledbetter