Amy A. Mousavi, SBN 228388
Mousavi & Lee, LLP
2020 Main Street, Suite 900
Irvine, California 92614
Telephone (949) 864-9667
Facsimile (949) 622-8980

Attorneys for Defendant, SAMER SANNOUFI, MD.,
aka SAM SANNOUFI, MD, an individual,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| JAMAL HAMADAH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SAMER SANNOUFI, MD., aka SAM SANNOUFI, MD, an individual,<br><br>Defendant. | Civil Action No. 8:17-cv-00132 CJC (JCGx)<br><br>**SUPPLEMENTAL DECLARATION OF AMY A. MOUSAVI IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY AJUDICATION**<br><br>[Filed Reply Brief in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Summary Adjudication, Evidentiary Objections to the Declaration of Coleen Hager, and Supplemental Declaration of Samer Sannoufi]<br><br>Date: January 22, 2018<br>Time: 1:30 p.m.<br>Dept.: 9B<br>Before: The Honorable Cormac J. Carney<br><br>Complaint Filed: January 25, 2017<br>Trial Date: February 27, 2018 |

1

**DECLARATION OF AMY A. MOUSAVI**

## DECLARATION OF AMY A. MOUSAVI

I, Amy A. Mousavi, hereby declare as follows:

1. I am an attorney at law duly licensed to practice before this court and partner with Mousavi & Lee, LLP, attorneys of record for Defendant.

2. The following facts are within my personal knowledge. If called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant's Motion for Summary Judgment, or in the Alternative, Motion for Summary Adjudication.

3. Defendant's position has always been that Plaintiff contributed $80,000 to the Company.

4. I have reviewed all of the documents produced in this case, including the complete tax returns for 2013, 2014, 2015, and 2016. Ms. Hager's claim that the expenses incurred by the business are all attributable to Defendant's "personal expenses" are not supported by any documents, including tax returns for 2013-2015. None of the tax returns pre-dating this lawsuit (2013-2015) show any "re-classification" of these alleged "personal expenses" to "professional fees" paid to Defendant. No amended tax returns have been filed showing "re-classification" of "personal expenses" to "professional fees" have been exchanged or produced in this case either. Rather, all of these "personal expenses" were previously classified by Ms. Hager as "business expenses" in her preparation of the Company's 2013, 2014, and 2015 tax returns. All of the purported "re-classification" occurred after this litigation ensued.

5. On December 29, 2017, Plaintiff filed a late discovery motion. That motion was denied by Magistrate Judge Jay C. Gandhi on January 10, 2018. A true and correct copy of the order denying that motion is attached hereto as Exhibit Q.

6. A true and correct copy of an email exchange between myself and Plaintiff's counsel, dated June 23, 2017, is attached hereto as Exhibit R. In this email exchange, a PDF titled "Documents Produced by Dr. Sannoufi" is attached. This PDF attachment

2
**DECLARATION OF AMY A. MOUSAVI**

included documents bates labeled "Dr.Sann 000001" through "Dr.Sann 000069," which included the requested 1099s.

7. A true and correct copy of the first Declaration of Coleen Hager, which was produced as part of Plaintiff's disclosures in this case is attached hereto as Exhibit S.

8. A true and correct copy of the "final" tax return for the Company, filed by Coleen Hager for 2016 is attached hereto as Exhibit V.

9. A true and correct copy of relevant excerpts from Plaintiff Hamadah's deposition is attached hereto as Exhibit W.

10. Just because the retained attorney failed to discover the illegality of the company, it does not mean it was excluded from the scope of his representation. Any competent attorney would have discovered the illegality of an LLC engaged in the practice of medicine, and would have advised his client accordingly.

I declare under penalty of perjury under the law of the State of California and of the United States that the forgoing is true and correct. Executed this day January 12, 2018 in Irvine, CA.

DATED: January 12, 2018

                         /s/ Amy A. Mousavi
                        AMY A. MOUSAVI, ESQ.

3
**DECLARATION OF AMY A. MOUSAVI**

# Exhibit Q

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 17-0132 CJC (JCGx) | Date | January 10, 2018 |
| Title | *Jamal Hamadah v. Samer Sannoufi* | | |

Present: The Honorable **Jay C. Gandhi, United States Magistrate Judge**

| Kristee Hopkins | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

The Court has reviewed Plaintiff's motion to compel, along with Defendant's opposition. [Dkt. Nos. 63, 65.]

Plaintiff's motion is suitable for adjudication without oral argument and the hearing scheduled for January 25, 2018 at 10 a.m. is **VACATED**. *See* L.R. 7-15.

Plaintiff's motion is **DENIED**.

In sum, among other things, Plaintiff's motion was filed nearly two months after the discovery cutoff. The discovery cutoff was on November 9, 2017, *but* Plaintiff waited until December 29, 2017. Now, Plaintiff contends that this Court should overlook this material lapse because the discovery dispute was "brought to a critical juncture" only in mid-December 2017. But, Plaintiff's motion references that he sought this discovery, for example, "continually and repeatedly since the commencement of this case." That being the situation, the Court cannot excuse Plaintiff's dilatoriness.

*It is so ordered.*

cc: Parties of Record

| | 00 : 00 |
|---|---|
| Initials of Preparer | kh |

# Exhibit R



Suoo Lee <slee@mousavilee.com>

## Fwd: Documents

**Amy Mousavi** <amousavi@mousavilawgroup.com>  
To: Suoo Lee <slee@mousavilee.com>

Wed, Dec 27, 2017 at 3:44 PM

---------- Forwarded message ----------  
From: **Amy Mousavi** <amousavi@mousavilawgroup.com>  
Date: Fri, Jun 23, 2017 at 7:11 PM  
Subject: RE: Documents  
To: "Roger L. Cohen" <rlc@jaburgwilk.com>  
Cc: "Kathi M. Sandweiss" <kms@jaburgwilk.com>, Stephen Mashney <Stephen@mashneylaw.com>, Ana Canby <amc@jaburgwilk.com>

Dear Roger,

Attached please find the documents subject to discovery and initial Disclosures. I owe you communications between Dr. Sannoufi and Jamal Hamadah, which I will produce hopefully by Monday.

Sincerely,

Amy

**Amy A. Mousavi**

_____

# Mousavi Law Group, APC

2020 Main Street, Suite 900

Irvine, California 92614

(949) 864-9667 Direct

(949) 622-8985 Facsimile

Email: amousavi@mousavilawgroup.com

Web: www.mousavilawgroup.com

---

**From:** Roger L. Cohen [mailto:rlc@jaburgwilk.com]  
**Sent:** Friday, June 23, 2017 4:16 PM  
**To:** 'Amy Mousavi'  
**Cc:** Kathi M. Sandweiss; 'Stephen Mashney'; Ana Canby  
**Subject:** RE: Documents

Thanks, Amy.

Regarding mediators, I have no experience with anyone on the panel, but would like to check with local counsel. I'll let you know early in the week if we have a preference; if not, we should let the ADR Department know that we want a mediator to be appointed.

Roger

Roger L. Cohen | Shareholder | 602.248.1040



---

**From:** Amy Mousavi [mailto:amousavi@mousavilawgroup.com]
**Sent:** Friday, June 23, 2017 4:00 PM
**To:** Roger L. Cohen
**Subject:** Documents

Hi Roger,

Just wanted to let you know that I will be sending documents to you via e-mail today, before I leave the office.

Sincerely,

Amy

Amy A. Mousavi

_____

# Mousavi Law Group, APC

2020 Main Street, Suite 900

Irvine, California 92614

(949) 864-9667 Direct

(949) 622-8985 Facsimile

Email: amousavi@mousavilawgroup.com

Web: www.mousavilawgroup.com

---

 Virus-free. www.avast.com

---

📄 **Documents Produced by Dr. Sannoufi.pdf**
17027K

# Exhibit S

Roger L. Cohen, CA Bar No. 065489
**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Attorneys for Plaintiff

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| Jamal Hamadah, an individual<br><br>Plaintiff,<br><br>v.<br><br>Samer Sannoufi, MD, aka Sam Sannoufi, MD, an individual<br><br>Defendant. | Case No. 8:17-cv-00132-CJC-JCG<br><br>**DECLARATION OF COLEEN HAGER** |

I, Coleen Hager, declare:

1. I am a certified public accountant, and, in that capacity, prepared certain income tax returns for Walk-In Urgent Care & Family Practice Clinic LLC (the "Company"), a California limited liability company, and Mr. Jamal Hamadah. All matters stated herein are stated on personal knowledge.

2. I prepared the 2013, 2014, 2015 and 2016 Federal S Corporation tax returns and California state tax returns for the Company.

3. I prepared the tax returns from documents provided to me by Dr. Samer Sannoufi and from bank records.

4. I was never provided 1099s from third-party payors, and so I was not able to reconcile bank deposits with gross payments.

5. Company records reflect that Mr. Hamadah contributed to the Company a total of $90,000.00 as follows: August 19, 2013, $70,000.00; November 19, 2013, $10,000.00; and December 13, 2013, $10,000.00.

6. Mr. Hamadah received distributions between August 6, 2014 and October 31, 2016 in the total amount of $98,073.00.

7. Mr. Hamadah's contributions were booked as capital contributions to the Company. Assuming that the contributions were reclassified as loans bearing interest at 10% per annum, there would be a balance due to Mr. Hamadah, after taking into account all distributions, in the amount of $12,891.54, plus accruing interest, as reflected on the Contribution/Distribution Summary attached as Schedule A to this Declaration.

8. I have calculated that the tax consequences of Mr. Hamadah's interest in the Company for each year, as follows:

 A. For 2013, the first year of operation, the federal tax return for the Company shows gross receipts of $46,349.00, and an ordinary business loss of $15,801.00. Mr. Hamadah received one half of the loss, or $7,900.00, on his form K-1. Because of other losses on his return, the loss had no effect on his total tax liability.

 B. For 2014, the federal tax return for the Company shows gross receipts of $365,073.00, and ordinary business income of $68,420.00. Mr. Hamadah received one half the income on his K-1, resulting in an increase in his total tax liability of $8,567.00.

 C. For 2015, the federal tax return for the Company shows gross receipts of $413,047.00, and ordinary business income of $78,900.00. Mr. Hamadah received one half the income on his K-1, resulting in an increase in his total tax liability of $4,808.00.

D. For 2016, the federal tax return for the Company shows gross receipts of $271,491.00, ordinary business income of $31,536.00, and a net Section 1231 loss of $143,262. Mr. Hamadah received one half the income and one-half the Section 1231 loss on his K-1, resulting in a decrease in his total tax liability of $6,806,00.

9. Dr. Sannoufi took large sums of money out of the Clinic. He was supposed to be paid a salary, but never put himself on the payroll. A summary of his withdrawals is attached as Schedule B to this Declaration.

10. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 15 day of December, 2017.

_____
Coleen Hager

# Exhibit V

| TAXABLE YEAR | California S Corporation | | FORM |
|---|---|---|---|
| **2016** | **Franchise or Income Tax Return** | ■ | **100S** |

RP

```
                WALK 46-3213194                    16
    TYB 01-01-2016  TYE 12-31-2016
    Walk in Urgent Care & Family

    6902 E Crocus Dr
    SCOTTSDALE          AZ  85254
```

**Schedule Q Questions** *(continued on Side 3)*

**A 1.** **FINAL RETURN?** ● [X] Dissolved   [ ] Surrendered (withdrawn)   [ ] Merged/Reorganized   [ ] IRC Section 338 sale   [ ] QSub election

Enter date (mm/dd/yyyy) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● 12/31/2016

**2.** Is the S corporation deferring any income from the disposition of assets? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● [ ] Yes [X] No

If "Yes" enter the year of disposition. (yyyy) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●

**3.** Is the S corporation reporting previously deferred income from: . . . ● [ ] Installment sale   ● [ ] IRC §1031   ● [ ] IRC §1033   ● [ ] Other

**B 1.** During this taxable year, did another person or legal entity acquire control or majority ownership (more than a 50% interest) of this corporation or any of its subsidiaries that owned California real property (i.e., land, buildings), leased such property for a term of 35 years or more, or leased such property from a government agency for any term? . . . . . . ● [ ] Yes [X] No

**2.** During this taxable year, did this corporation or any of its subsidiaries acquire control or majority ownership (more than a 50% interest) in another legal entity that owned California real property (i.e., land, buildings), leased such property for a term of 35 years or more, or leased such property from a government agency for any term? . . . . . . . . . . . . . . . . . . . . . ● [ ] Yes [X] No

**3.** During this taxable year, has more than 50% of the voting stock of this corporation cumulatively transferred in one or more transactions after an interest in California real property (i.e., land, buildings) was transferred to it that was excluded from property tax reassessment under Revenue and Taxation Code Section 62(a)(2) and it was not reported on a previous year's tax return? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● [ ] Yes [X] No
**(Yes requires filing of statement, penalties may apply– see instructions.)**

| | | | |
|---|---|---|---|
| **State Adjustments** | 1 Ordinary income (loss) from trade or business activities from Schedule F (Form 100S, Side 4), line 22 or federal Form 1120S, line 21. If Schedule F (Form 100S, Side 4) was not completed, attach federal Form 1120S, page 1, and supporting schedules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | 1 | 31,536 00 |
| | 2 Foreign or domestic tax based on income or profits and California franchise or income tax deducted . . ● | 2 | 00 |
| | 3 Interest on government obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | 3 | 00 |
| | 4 Net capital gain from Schedule D (100S), Section A & Section B. Attach Schedule D (100S). See instructions . . . . . . . . . ● | 4 | 00 |
| | 5 Depreciation and amortization adjustments. Attach Schedule B (100S) . . . . . . . . . . . . . . . . . . . . . ● | 5 | 00 |
| | 6 Portfolio income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | 6 | 00 |
| | 7 Other additions. Attach schedule(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | 7 | 00 |
| | 8 Total. Add line 1 through line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | 8 | 31,536 00 |

098    3611164    Form 100S C1 2016 **Side 1**

Walk in Urgent Care & Family                                                                           46-3213194

| | | | |
|---|---|---|---:|
| **State Adjustments (cont.)** | 9 Dividends received deduction. Attach Schedule H (100S) | 9 | 00 |
| | 10 Water's-edge dividend deduction. Attach Schedule H (100S) | 10 | 00 |
| | 11 Contributions. See instructions | 11 | 00 |
| | 12 Other deductions. Attach schedule(s) | 12 | 00 |
| | 13 Total. Add line 9 through line 12 | 13 | 00 |
| | 14 Net income (loss) after state adjustments. Subtract line 13 from Side 1, line 8 | 14 | 31,536 00 |
| **CA Net Income** | 15 Net income (loss) for state purposes. Use Schedule R if apportioning or allocating income | 15 | 31,536 00 |
| | 16 R&TC Section 23802(e) deduction. See instructions | 16 | 00 |
| | 17 Net operating loss deduction. See instructions | 17 | 00 |
| | 18 Pierce's disease, EZ, LARZ, TTA, or LAMBRA NOL carryover deduction. See instructions | 18 | 00 |
| | 19 Disaster loss deduction. See instructions | 19 | 00 |
| | 20 Net income for tax purposes. Combine line 16 through line 19. Subtract the result from line 15 | 20 | 31,536 00 |
| **Taxes** | 21 Tax. 1.50% x line 20 (at least minimum franchise tax, if applicable). See instructions | 21 | 800 00 |
| | 22 Credit name _____ code _____ amount ... | 22 | 00 |
| | 23 Credit name _____ code _____ amount ... | 23 | 00 |
| | 24 To claim more than two credits, see instructions | 24 | 00 |
| | 25 Add line 22 through line 24 | 25 | 00 |
| | 26 **Balance.** Subtract line 25 from line 21 (not less than minimum franchise tax plus QSub annual tax(es), if applicable) | 26 | 800 00 |
| | 27 Tax from Schedule D (100S). Attach Schedule D (100S). See instructions | 27 | 00 |
| | 28 Excess net passive income tax. See instructions | 28 | 00 |
| | 29 **Total tax.** Add line 26 through line 28 | 29 | 800 00 |
| **Payments** | 30 Overpayment from prior year allowed as a credit | 30 | 00 |
| | 31 **2016 Estimated tax/QSub payments.** See instructions | 31 | 00 |
| | 32 2016 Withholding (Forms 592-B and/or 593). See instructions | 32 | 00 |
| | 33 Amount paid with extension of time to file tax return | 33 | 00 |
| | 34 Total payments. Add line 30 through line 33 | 34 | 00 |
| **Refund or Amount Due** | 35 **Use tax. This is not a total line.** See instructions | 35 | 00 |
| | 36 Payments balance. If line 34 is more than line 35, subtract line 35 from line 34 | 36 | 00 |
| | 37 **Use tax balance.** If line 35 is more than line 34, subtract line 34 from line 35 | 37 | 00 |
| | 38 **Franchise or income tax due.** If line 29 is more than line 36, subtract line 36 from line 29 | 38 | 800 00 |
| | 39 **Overpayment.** If line 36 is more than line 29, subtract line 29 from line 36. | 39 | 00 |
| | 40 Amount of line 39 to be credited to 2017 estimated tax | 40 | 00 |
| | 41 **Refund.** Subtract line 40 from line 39 | 41 | 00 |
| | See instructions to have the refund directly deposited. ☐ Checking ☐ Savings | | |
| | 41a. ● Routing number   41b. ● Type   41c. ● Account number | | |
| | 42 a Penalties and interest | 42a | 00 |
| | b ● ☐ Check if estimate penalty computed using Exception B or C on form FTB 5806. See instructions. | | |
| | 43 **Total amount due.** Add line 37, line 38, line 40, and line 42a. Then, subtract line 39 from the result | 43 | 800 00 |

Side 2  Form 100S C1 2016      098     3612164

Walk in Urgent Care & Family                                          46-3213194

**Schedule Q Questions** *(continued from Side 1)*

**C** Principal business activity code. **Do not** leave blank . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● 621111

    Business activity  Physic                      Product or service  Urgent Care

**D** Is this S corporation filing on a water's-edge basis pursuant to R&TC Sections 25110 and 25113 for the current taxable year? ● ☐ Yes  [X] No

**E** Does this tax return include Qualified Subchapter S Subsidiaries? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● ☐ Yes  [X] No

**F** Date incorporated (mm/dd/yyyy)  07/01/2013      Where: ● State  CA    Country _____

**G** Maximum number of shareholders in the S corporation at any time during the year. **Do not** leave blank. . . . . . . . . . . ●  2

**H** Date business began in California or date income was first derived from California sources (mm/dd/yyyy) . . . . . . . . . ● 09/01/2014

**I** Is the S corporation under audit by the IRS or has it been audited in a prior year? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● ☐ Yes  [X] No

**J** Effective date of federal S election (mm/dd/yyyy) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● 07/01/2013

**L** Accounting method . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ●(1) [X] Cash   (2) ☐ Accrual   (3) ☐ Other

**M** Location of principal accounting records   Same

**N** "Doing business as" (DBA) name. See instructions . . . . . . . . . . . . ● _____

**O** Have all required information returns (e.g., federal Forms 1099, 8300, and state Forms 592, 592-B etc.) been filed with the Franchise Tax Board? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ N/A  [X] Yes  ☐ No

**P** Is this S corporation apportioning or allocating income to California using Schedule R? . . . . . . . . . . . . . . . . . . . . . . . . . ● ☐ Yes  [X] No

**Q** Has the S corporation included a reportable transaction or listed transaction within this return? See instructions for definitions . ● ☐ Yes  [X] No
    If "Yes," complete and attach federal Form 8886, for each transaction.

**R** Did this S corporation file the federal Schedule M-3 (Form 1120S)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● ☐ Yes  [X] No

**S** Is form FTB 3544A, List of Assigned Credit Received and/or Claimed by an Assignee, attached to the return? . . . . . . . . . . . ● ☐ Yes  [X] No

**Schedule J**  Add-On Taxes and Recapture of Tax Credits. See instructions.

| | | |
|---|---|---|
| 1 | LIFO recapture due to S corporation election (IRC Section 1363(d) deferral $ _____ ) ● **1** | 00 |
| 2 | Interest computed under the look-back method for completed long-term contracts (attach form FTB 3834) ● **2** | 00 |
| 3 | Interest on tax attributable to installment **a)** Sales of certain timeshares and residential lots . . . . . . . . . . ● **3a** | 00 |
|   | **b)** Method for nondealer installment obligations . . . . . . . . . . . ● **3b** | 00 |
| 4 | IRC Section 197(f)(9)(B)(ii) election . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● **4** | 00 |
| 5 | Credit recapture name _____ . . . ● **5** | 00 |
| 6 | Combine line 1 through line 5. Revise the amount on Side 2, line 38 or line 39, whichever applies, by this amount. Write "Schedule J" to the left of line 38 or line 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● **6** | 00 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature ▶ of officer _____  Title _____  Date _____  ● Telephone _____

Officer's email address (optional) _____

**Paid Preparer's Use Only**

Preparer's signature ▶ _____   Date _____   Check if self-employed ▶ ☐   ● PTIN  P00757634

Firm's name (or yours, if self-employed) and address ▶ Coleen Hager CPA LLC
3407 E Dahlia Dr
PHOENIX AZ 85032

● FEIN _____
● Telephone  602 482-6109

May the FTB discuss this return with the preparer shown above? See instructions . . . . . . . . . . . . . . ● [X] Yes  ☐ No

098      3613164                         Form 100S C1 2016  **Side 3**

# Exhibit W

```
 1      A.   LLC.
 2      Q.   Okay.  Where is this LLC?  Is it in Arizona?
 3      A.   In Arizona.
 4      Q.   And the land is in Arizona?
 5      A.   In Arizona.
 6      Q.   Okay.  The land, where in Arizona is that?
 7      A.   I told you, in Bisbee, like Highway 91.
 8      Q.   Okay.  Is it called Bisbee?
 9      MR. COHEN:  Bisbee, B-i-s-b-e-e.
10 BY MS. MOUSAVI:
11      Q.   Okay.
12      A.   Uh-huh.
13      Q.   And do you own it -- do you own this by
14 yourself or --
15      A.   100 percent.
16      Q.   100 percent.  Okay.
17           And then how about the other ones?
18           I apologize.  Before we move on, how much did
19 you -- when did you buy this property and for how much?
20      A.   When?
21      Q.   Uh-huh.
22      A.   Maybe 2005.
23      Q.   Okay.  Do you remember how much you paid for
24 it, approximately?
25      A.   Approximately 200,000.
```

66

```
 1       Q.    Okay.  And the other ones?
 2       A.    Another one, Waseem Ranch.
 3       Q.    Okay.  LLC?
 4       A.    LLC.
 5       Q.    Is the LLC an Arizona LLC?
 6       A.    Yes.
 7       Q.    Okay.  And the land is in Arizona as well?
 8       A.    In Arizona.
 9       Q.    Okay.  When did you buy this one?
10       A.    Approximately same, 2006, maybe '06.  Something
11 like this, you know.
12       Q.    Okay.
13       A.    Not so -- not --
14       Q.    Approximately.  Do you remember approximately
15 how much you paid for it?
16       A.    For Waseem Ranch we have one -- more than one.
17 We have some Better Fried (phonetic).  What the name,
18 Better Fried?  Better Fried?  Petrified.  Petrified.
19       MR. COHEN:  Petrified.
20       THE WITNESS:  Petrified.
21 BY MS. MOUSAVI:
22       Q.    Uh-huh.
23       A.    And some land in signed.  Really I forget, you
24 know, what we have in signed.  It's not big deal.  It
25 is --
```

67

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss:
COUNTY OF ORANGE       )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2020 Main Street, Suite 900, Irvine, CA 92614-8203.

On January 12, 2018, I electronically filed Supplemental Declaration of Amy A. Mousavi in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Summary Adjudication with the Clerk of the United States District Court of California, using the CM/ECF system. The court's CM/ECF system will send an email notification of the filing and following parties and counsel of record who are registered with the Court's CM/ECF system:

Roger L. Cohen, Esq.
JABURG & WILK, PC
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Telephone: (620) 248-1000
Attorney for Plaintiff

Stephen B. Mashney, Esq.
MASHNEY LAW OFFICES, APC
335 N. Brookhurst Street
Anaheim, CA 92801
Attorney for Plaintiff

☒ (**BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM**)
In accordance with the electronic filing procedures of this Court, service has been effected on the parties above, whose counsel of record are registered participants of the CM/ECF system.

☒ **(FEDERAL)**
I declare under penalty of perjury under the laws of the State of California that all the foregoing is true and correct, and that I am employed at the office of a member of the car of this Court at whose direction service was made.

Executed on January 12, 2018, at Irvine, California.

/s/ Dorian Ledbetter
Dorian Ledbetter